**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MARTIN LEWIS,

      Petitioner,

v.

RANDALL HAAS,

      Respondent,

CASE NO. 2:17-CV-10734
HONORABLE PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

_____/

**OPINION AND ORDER TRANSFERRING CASE TO THE COURT OF APPEALS**
**PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)**

Martin Lewis, ("petitioner"), confined at the Macomb Correctional Facility in New

Haven, Michigan, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In

his *pro se* application, petitioner challenges his 2000 conviction out of the Kalamazoo County

Circuit Court for first-degree murder and being a fourth felony habitual offender.  Petitioner

previously filed a petition for a writ of habeas corpus challenging this conviction, which was

denied. *Lewis v. Vasbinder,* No. 04-CV-71140-DT (E.D. Mich. Sep. 27, 2007); *app. dism.* No.

07-2265 (6th Cir. June 6, 2008).  Petitioner has been denied permission to file a successive

habeas petition three times. *In Re Lewis,* No. 09-1670 (6th Cir. Nov. 24, 2009); *In Re Lewis,* No.

11-1658 (6th Cir. Sep. 12, 2011); *In Re Lewis,* No. 12-2446 (6th Cir. May 16, 2013).

For the following reasons, the Court transfers this case to the Court of Appeals.

**I.  DISCUSSION**

Before a second or successive habeas petition is filed in a federal district court, a habeas

petitioner shall move in the appropriate court of appeals for an order authorizing the district

court to consider the petition. 28 U.S.C. § 2244(b)(3)(A);*Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998).  Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999).  Unless the Sixth Circuit Court of Appeals has given its approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition or motion to the Sixth Circuit Court of Appeals no matter how meritorious the district court believes the claim to be. *Id.* at 971; *See also In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).  This requirement transfers to the court of appeals a screening function which the district court previously would have performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

Petitioner acknowledges that he previously filed a petition for writ of habeas corpus, but argues that his current petition is not second or successive, within the meaning of § 2244(b)(3)(A), because the claims in his current petition were unexhausted at the time that he filed his first petition.  Petitioner attempted to raise these claims in his first petition, but agreed to delete them to avoid the dismissal of his first petition on exhaustion grounds.

A habeas petitioner with a mixed habeas petition that contains unexhausted claims, who chooses to proceed to an adjudication on the merits of only his exhausted claims, as petitioner chose to do, may not later assert that a subsequent habeas petition is not second or successive because the new claims were unexhausted at the time he filed the first petition. *See Burton v. Stewart*, 549 U.S. 149, 154 (2007).  The current habeas petition is a successive petition within the meaning of § 2244(b)(3)(A).  This Court lacks jurisdiction to entertain the petition in the

absence of authorization from the Sixth Circuit. *Id.*

Accordingly, the Clerk of Court is ordered to transfer the habeas petition to the United States Court of Appeals for the Sixth Circuit pursuant to *Sims* and 28 U.S.C. § 1631. *See Galka v. Caruso,* 599 F. Supp. 2d 854, 857 (E.D. Mich. 2009).  Because this appears to be a second or successive habeas petition, it would be error for this Court to dismiss the petition as being time barred, rather than transfer it to the Sixth Circuit, because such a timeliness inquiry would be premature prior to any determination by the Sixth Circuit whether petitioner should be given authorization pursuant to 28 U.S.C. § 2244(b)(3)(A) to file a successive habeas petition. *See In Re McDonald*, 514 F.3d 539, 543-44 (6th Cir. 2008).

## II.  CONCLUSION

**IT IS ORDERED** that the Clerk of the Court transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 and *In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

**SO ORDERED.**

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  March 9, 2017

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 9, 2017.

s/Deborah Tofil
Case Manager

3